Hon. Frederick Fowler Town Attorney, Brunswick
This is in response to your letter of January 8, 1978, wherein you seek an opinion of this office as to whether or not an individual who is an active real estate broker in the Town of Brunswick and is also involved in residential construction in the Town of Brunswick should be precluded from serving on that Town's Board of Assessment Review due to the potential of a conflict of interest arising from the pursuit of these interests.
This office and the office of the State Comptroller have addressed the issue of conflict of interest in a related area; that is, the propriety of an active, local real estate broker also serving as the local assessor. Those opinions (1976 Atty Gen [Inf Opns] 214; 1972 Atty Gen [Inf Opns] 135; and 29 Opns St Comp, 1971, p 69), which are enclosed for your contemplation, found no statute expressly proscribing an active, local real estate broker from serving as the local assessor, nor does section 1524 of the Real Property Tax Law, which provides for the establishment of Boards of Assessment Review, contain any such proscription; however, those opinions did take cognizance of the potential for a conflict of interest to arise when that individual was assessing property for which he was the broker.
The situation which you pose presents less obvious potential for a true conflict of interest situation to develop. An individual on the Board of Assessment Review is not vested with the same authority as an assessor, which authority could be used by an unscrupulous real estate broker to manipulate the market value of real property to his own personal advantage. Although a clearcut conflict of interest dilemma might not occur under the circumstances you present, nevertheless a question of ethics would be involved whenever the individual is called upon to review the assessed value of property for which he has been the broker or on which he has been involved with the construction of improvements.
In view of the foregoing, we direct your attention to sections806 and 808 of the General Municipal Law. These sections provide for (1) the adoption of codes of ethics by municipalities, (2) the establishment of boards of ethics by municipalities, and (3) the reference of ethical questions to an appropriate board of ethics for consideration. Inasmuch as we view this situation as one primarily involving ethical considerations, we suggest you make reference to your own local code of ethics and, if necessary, submit this question to the appropriate board of ethics for resolution.